UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

          **Plaintiff,**

vs.

UNITED STATES OF AMERICA, *et al.*,

          **Defendants.**

Civ. No. 22-1003 (KM-MAH)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff William F. Kaetz pled guilty to a federal offense in the U.S. District Court for the Western District of Pennsylvania, and was sentenced to 16 months of imprisonment, followed by three years of supervised release. One of the additional terms of his supervised release was an initial period of home detention for 180 days. (*See* Judgment of Conviction (copy at DE 1 p. 35).) In this action, Mr. Kaetz attacks that term of home detention as being illegal and in violation of his plea agreement.

    Mr. Kaetz brings this civil action against the United States and various of its agencies and personnel, including the U.S. Marshals Service, the Probation Office, the Bureau of Prisons, and the Designation and Sentence Computation Center; the Judge and Magistrate Judge who presided over his criminal case and subsequent related proceedings; the Assistant U.S. Attorney who prosecuted the criminal case; the appointed defense attorney who represented him; the Allegheny County Jail and its warden; the Northeast Ohio Correction

1

Center (NEOCC) and its warden; and BI Incorporated, the vendor that supplied a monitoring ankle bracelet. All, he alleges, "had a hand" in the violation of civil rights represented by his 180 days of home detention while on supervised release.

The causes of action consist of "Count #1 Breach of Contract"; "Count #2 The *Bivens* Remedy for 42 U.S.C. § 1983 Civil Rights Violations by Federal Actors"; and "Count #3 The *Bivens* Remedy for 42 U.S.C. § 1985 Civil Rights Violations by Federal Actors." The complaint seeks money damages and also injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 702. (*See* Cplt. pp. 23–27.)

The following motions are now before the Court:

1. Motion of defendants Allegheny County Jail and its Warden, Orlando Harper (together, "Allegheny") to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim, under Fed. R. Civ. P. 12(b)(2), (3), and (6) (DE 13).
2. Motion of defendant Douglas Sughrue (Kaetz's appointed counsel) to dismiss the complaint based on issue preclusion and failure to state a claim, under Fed. R. Civ. P. 12(b)(1) and (6) (DE 14).
3. Motion of plaintiff Kaetz for default judgment against Northeast Ohio Corrections Center ("NEOCC") and its Warden, David Bobby (together, "CoreCivic"), under Fed. R. Civ. P. 55 (DE 33);
4. Motion of CoreCivic to dismiss the complaint based on issue preclusion, lack of personal jurisdiction, and failure to state a claim, under Fed. R. Civ. P. 12(b)(1), (2), and (6) (DE 52).
5. Motion of defendants Designation And Sentence Computation Center, Patricia L. Dodge, Buffeyanne Esquivel, Federal Bureau Of Prisons, Afonso Fernandes, Tonya Sulia Goodman, Javier Marrero, Emily Race, J. Nicholas Ranjan, The United States Of America, United States Department Of Justice, United States Marshals Service, United States Probation Office (the "Federal defendants") to dismiss the complaint

based on collateral estoppel, immunity of the individual defendants, failure to state a legally sufficient *Bivens* claim, failure to plead sufficient facts, and lack of subject matter jurisdiction over any APA claim. (DE 53)[1]

**BACKGROUND**

As background, I can do no better than to quote in full a decision of the U.S. Court of Appeals for the Third Circuit. That decision, *Kaetz v. United States*, 2022 WL 1486775 (3d Cir. May 11, 2022) ("3d Cir. Op."), affirms the district court's dismissal of Mr. Kaetz's habeas petition, in terms that are relevant to the current case.

**OPINION \***

PER CURIAM

[*1] William Kaetz appeals from an order dismissing a habeas petition that he filed under 28 U.S.C. § 2241. We will affirm.

I.

Kaetz was charged with crimes relating to his threats to kill a federal judge. He ultimately pleaded guilty to one count of publicizing restricted information (i.e., the judge's home address) in violation of 18 U.S.C. §§ 119(a)(1) and (a)(2).

In Kaetz's plea agreement, the parties stipulated to a sentence of (1) 16 months of imprisonment, and (2) three years of supervised release, the first six months of which would be served in home detention. (W.D. Pa. Crim. No. 2-21-cr-00211-NR-1, ECF No. 111-1 at 3-4.) 1 During Kaetz's plea colloquy and sentencing, the court also explained that Kaetz's six-month period of home detention was part of his supervised release and was in addition to 16 months of imprisonment. (ECF No. 118 at 22, 49-50.) Consistent with these terms, the court entered a judgment of sentence providing for separate terms of (1) 16 months of imprisonment, and (2) three years of supervised release, including 180 days of home detention. (ECF No. 116 at 2-3, 5.)

Kaetz later filed a § 2241 habeas petition challenging the execution of this sentence. When he first submitted his petition, he was still in prison and sought immediate release. He claimed that (1) his six-month period of home detention constituted part of

---

[1] Kaetz's responses to DE 52 and DE 53 are also designated as cross-motions to strike. (See DE 56, 57.) As to these cross motions, he was granted leave to file a reply. (DE 61, 62)

3

his 16-month prison sentence, thus leaving him with only a 10-month prison sentence, and (2) he already had been imprisoned for 10 months. But on December 6, 2021, Kaetz was released from prison after serving his 16-month prison term and began to serve the six-month period of home detention as part of his supervised release. After that, he amended his claim to seek release from his period of home detention on the ground that he already had served it as part of his 16 months in prison.

A Magistrate Judge recommended dismissing Kaetz's petition on the grounds that it was moot to the extent that he sought release from prison and that it was otherwise not cognizable under § 2241. The District Court adopted that recommendation and added that Kaetz's challenge lacked merit. Kaetz appeals.[2]

II.

We will affirm. Kaetz's initial claim for release from prison became moot when he was released, but his amended claim for release from home detention is not moot because he is still serving that part of his sentence. *See Burkey*, 556 F.3d at 147-48. Kaetz claims that his home detention is unlawful for several reasons, including that it violates various provisions of the Sentencing Guidelines. For these claims to be cognizable under § 2241 as challenges to the execution of his sentence, Kaetz would have to claim that his home detention is "somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). As explained above, however, Kaetz's period of home detention was expressly imposed by his sentencing judgment. Thus, Kaetz's claims would appear to be addressed to the validity of that judgment, not its execution. To that extent, his claims can be raised only under § 2255 as the Magistrate Judge explained. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005).

[*2] Nevertheless, Kaetz's claim based on the Guidelines could be construed as a claim that his home detention violates his sentence as that sentence is properly understood. To that extent, this claim could be characterized as a challenge to the execution of his sentence under § 2241.[3] To the same extent, however, this claim lacks merit and that issue does not present a substantial question.

Kaetz claims that home detention constitutes imprisonment and that his continued detention is unlawful because he already has served the 16 months in prison ordered by the District Court. He relies on statements in the Guidelines that "[h]ome detention may be imposed as a condition of supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5D1.3(e)(2) (emphasis added); see also U.S.S.G. § 5F1.2 (same). From those statements, Kaetz concludes that his six-month period of home detention is a "substitute" for six of the 16 months of imprisonment imposed by the

4

District Court. That conclusion does not follow. Kaetz assumes that these provisions make home detention a substitute for imprisonment that the court imposed. The opposite is true. Home detention is a substitute, not for imprisonment that the court imposed, but for imprisonment that the court <u>could have</u> imposed but did not.

Kaetz's reliance on these provisions is otherwise misplaced. These provisions advise courts on how to <u>impose</u> a sentence. [4] They do not tell the Bureau of Prisons or other authorities how to <u>execute</u> a sentence once imposed. Thus, these provisions do not support Kaetz's claim of error in the execution of his sentence. These provisions aside, Kaetz cannot claim any error in the execution of that sentence according to its express terms. If Kaetz wants relief from his term of supervised release, he can file an appropriate motion in his criminal case as the Magistrate Judge advised. See 18 U.S.C. § 3583(e). We express no opinion on whether such relief might be warranted.

III.

[*3] For these reasons, we will affirm the judgment of the District Court.

**Footnotes**

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1 All citations to ECF herein are to Kaetz's criminal proceeding.

2 Kaetz does not require a certificate of appealability to appeal the denial of his § 2241 petition, and we have jurisdiction under 28 U.S.C. § 1291. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

3 We need not address whether Kaetz's petition satisfies other requirements for § 2241 relief, including filing in the proper venue and naming the proper custodian.

4 Thus, some courts have relied on these provisions in holding that courts may not impose a combined term of imprisonment and home detention that exceeds the statutory maximum sentence, *see, e.g., United States v. Blinn*, 490 F.3d 586, 587-88 (7th Cir. 2007) (collecting cases), or a sentencing cap in a plea agreement, *see United States v. T.M.*, 330 F.3d 1235, 1242-43 (9th Cir. 2003). No such circumstance is present here. Kaetz's combined term of 22 months in prison and home detention is within both the five-year maximum sentence for the crime to which he pleaded guilty, see 18 U.S.C. § 119(a), and the Guidelines range of 21-27 months to which the parties stipulated at sentencing (ECF No. 118 at 36). The plea agreement also expressly provides for that combined 22-month term. Kaetz argues that he understood otherwise because his counsel gave him bad advice. This argument goes to the validity of Kaetz's sentence and must be asserted under § 2255. But given the impending completion of Kaetz's home

5

> detention, we note that this argument lacks merit. Kaetz testified at his plea colloquy that no one had made any sentencing guarantee or promise "[o]ther than what is in the plea agreement[.]" (Id. at 17.) And Kaetz's plea agreement expressly provides for separate terms of 16 months in prison and six months of home detention, as both the parties and the court made clear at the plea colloquy and sentencing. (ECF No. 118 at 16, 22, 39.) Thus, "any possible error in plea counsel's advice ... was cured by the plea agreement and at the plea colloquy." *United States v. Fazio*, 795 F.3d 421, 428 (3d Cir. 2015).

(3d Cir. Op.)

That Third Circuit decision affirmed *Kaetz v. United States*, No. 2:21-CV-1614-NR-PLD, 2022 WL 357214 (W.D. Pa. Feb. 7, 2022) (Ranjan, U.S.D.J.) ("Dist. Ct. Op."), which had affirmed and adopted the Magistrate Judge's Report & Recommendation, No. CV 2:21-1614, 2021 WL 6693765 (W.D. Pa. Dec. 28, 2021) (Dodge, U.S.M.J.) ("R&R")).

## II.   DISCUSSION

For the reasons stated herein, I analyze the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which affords a plaintiff certain advantages. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

I have considered the exhibits attached to Mr. Kaetz's Complaint, as well as other pleadings in the related criminal proceedings against Mr. Kaetz. That is permissible on a motion to dismiss. *See, e.g., In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

### A. Kaetz motion for default judgment against CoreCivic

Mr. Kaetz moves for entry of default and for a default judgment against CoreCivic. That motion will be denied.

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

A prerequisite to a default judgment is entry of default by the clerk. The clerk will enter a default against a party that "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

It is not contested that CoreCivic was duly served on March 21, 2022. (DE 9) CoreCivic did not timely answer or move in response to the complaint, or move for an extension of time to do so, before the 21-day deadline expired on April 11, 2022. Mr. Kaetz filed the current motion for entry of default and a default judgment on June 6, 2022.

By letter filed June 16, 2022, CoreCivic sought additional time to respond, citing the need to obtain local counsel and move for admission *pro hac vice*. (DE 40) After one procedurally defective attempt, counsel was granted leave to appear for CoreCivic *pro hac vice* on June 29, 2022 (DE 49).

7

On July 5, 2022, CoreCivic file its brief in opposition to the default motion. (DE 51) Simultaneously, CoreCivic filed its motion to dismiss the complaint based on issue preclusion, lack of personal jurisdiction, and failure to state a claim, under Fed. R. Civ. P. 12(b)(1), (2), and (6) (DE 52), which is discussed *infra.*

Entry of default by the clerk would be a fruitless exercise at this point. CoreCivic responded tardily to the summons and complaint, but respond it did. I have routinely granted applications to accept such a late response, absent egregious behavior, which is not present here.

More to the point, however, the Court would not enter a default judgment on these facts, even if the clerk had previously entered default. A court considering entry of a default judgment must exercise its discretion in light of three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)). I consider those factors in turn:

(1) Here, for the reasons discussed below, CoreCivic does have a meritorious defense on the merits. Indeed, that defense, shared by codefendants, forms the basis of the Court's dismissal of this action. *See* Section II.B, *infra.*

(2) There is no particular prejudice to Mr. Kaetz as a result of excusing CoreCivic's default. The case is in the early stages. The codefendants' motions to dismiss are pending. CoreCivic's motion to dismiss, on largely similar grounds, will be decided simultaneously with those of its codefendants, later in this Opinion. In short, if CoreCivic has lagged behind, it will very shortly catch up.

(3) It is true that CoreCivic alone is responsible for its tardy response, and this factor weighs against it. The period of delay is substantial, if

8

not dramatic—a matter of about three months—and it seemingly took a motion for default to spur CoreCivic to action. There is no indication, however, that CoreCivic had some ulterior, culpable motive, or had anything to gain from defaulting.

Weighing these factors, and in light of the strong preference that claims be resolved on the merits, I will deny Mr. Kaetz's motion for entry of default and a default judgment against CoreCivic.

## B. Claims of error in connection with sentence

Mr. Kaetz asserts a number of issues against a number of parties who, he alleges, "had a hand" in the imposition or execution of the sentence. All of his contentions depend, however, on his arguments that a sentence including 180 days of home confinement was improper, for two reasons: (a) home confinement was illegal, because it followed the service of his 16-month sentence of imprisonment, rather than serving as a substitute for part of that 16-month sentence; (b) home confinement violated the parties' plea agreement. Both arguments are plainly incorrect. [2]

---

[2] The Federal defendants, CoreCivic, and Sughrue moved to dismiss the complaint based on issue preclusion, citing the prior decisions of Judge Ranjan and the U.S. Court of Appeals for the Third Circuit. The application of that doctrine requires the presence of four factors:

> (1) the issue decided in the prior action must be identical to the one presented in the later action;
>
> (2) the prior action resulted in a final judgment on the merits;
>
> (3) the party against whom collateral estoppel is asserted was a party to the prior action, and
>
> (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Iseley v. Talaber*, 232 F. App'x 120, 123 (3d Cir. 2007). (citing *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir.1999); line breaks added).

The core of the district court's ruling, affirmed by the Third Circuit, was that Mr. Kaetz's particular claims were not cognizable in a habeas action pursuant to 28 U.S.C. § 2241. Both courts took the trouble to briefly analyze the merits, however, and found them to be lacking. Rather than consider the implications for factors 1, 2, and 4, I have adopted for the direct approach. While citing and considering those courts' analyses, I have also performed my own independent analysis.

Mr. Kaetz's first argument is based on two Sentencing Guidelines, U.S.S.G. § 5D1.3(e)(2) and § 5F1.2. Both state that "Home detention may be imposed as a condition of [. . .] supervised release, but only as a substitute for imprisonment." From this language, he draws the incorrect implication that the 16 month term of imprisonment and the 6 month term of home detention (as a condition of supervised release), although imposed separately, cannot legally coexist; the second must be vacated or subtracted from the first. This is a misreading. The Guidelines language does not mean that a term of home detention must be subtracted from a separate term of imprisonment that was *actually* imposed; it means that home detention may be ordered in lieu of additional imprisonment that *could* permissibly have been imposed.

Other courts, in a variety of contexts, have recognized the principle that a supervised release condition of home detention does not count against an independent term of imprisonment. *See, e.g., United States v. McKenzie*, 996 F.2d 1228 (9th Cir. 1993) ("Any inference that time spent in community confinement as a condition of supervised release must be credited toward prison time is undermined by the specificity of section 5F1.2."); *United States v. Iversen*, 90 F.3d 1340, 1343 (8th Cir. 1996) ("the fact that home detention may be imposed 'only as a substitute for imprisonment[,]' . . . does not mean home detention is a form of imprisonment"); *United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) ("Home detention is a substitute for imprisonment, not a type of reduction, see U.S.S.G. § 5F1.2 . . . .) *United States v. Jones*, 107 F.3d 1147, 1165 (6th Cir. 1997) (Section 5F1.2 "makes clear that home detention is not equivalent to imprisonment for the purposes of *initial* incarceration." ) (quoting *United States v. Harris,* Nos. 91–2421 to 91–2423, 1992 WL 393582, at * 2 (6th Cir. Dec. 31, 1992)).

---

The parties, in giving prominence to collateral estoppel, may have been influenced by the argument of Mr. Sughrue, echoed by CoreCivic, that issue preclusion implicates the court's subject matter jurisdiction. The case he cites, *Coulter v. Paulisick,* 778 F. App'x 180, 182 (3d Cir. 2019), does not hold that issue preclusion, as such, is an issue of jurisdictional stature. Thus my analysis has proceeded under Rule 12(b)(6), not 12(b)(1).

I am emboldened in that conclusion by the Third Circuit's explicit endorsement of this reasoning in its opinion upholding the denial of habeas relief in Mr. Kaetz's case:

> Kaetz claims that home detention constitutes imprisonment and that his continued detention is unlawful because he already has served the 16 months in prison ordered by the District Court. He relies on statements in the Guidelines that "[h]ome detention may be imposed as a condition of supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5D1.3(e)(2) (emphasis added); see also U.S.S.G. § 5F1.2 (same). From those statements, Kaetz concludes that his six-month period of home detention is a "substitute" for six of the 16 months of imprisonment imposed by the District Court. That conclusion does not follow. Kaetz assumes that these provisions make home detention a substitute for imprisonment that the court imposed. The opposite is true. *Home detention is a substitute, not for imprisonment that the court imposed, but for imprisonment that the court could have imposed but did not.*

3d Cir. Op., 2022 WL 1486775 at *2 (emphasis added). Thus the Court of Appeals stated that Mr. Kaetz had simply misinterpreted the Sentencing Guidelines; the sentence was not illegal. *A fortiori,* the prison authorities did not commit "any error in the execution of that sentence according to its express terms." *Id.*

In an abundance of caution that the Court of Appeals' analysis could be considered dictum, I have analyzed the matter independently. *See supra.* I agree that there is no legal error here. Accordingly, all of Mr. Kaetz's claims, to the extent they are based on this first claim of error, must be dismissed.

Mr. Kaetz asserts a second claim of error, *i.e.*, that the sentence violated the plea agreement. This claim is refuted by the plea itself.

Here is the relevant paragraph of the plea agreement:

> 2. Pursuant to Rule 11(c)(l)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 16 months; a fine, if any, in an amount to be determined by the Court; a term of supervised release of three years, with the condition that the first six months of supervised release be served in home detention; and a special assessment of $100.

(Plea agreement (attached to complaint as Ex. 1), DE 1 at 32) That plea agreement nowhere suggests that the supervised release term, or any part of it, is subsumed by the term of imprisonment. On the contrary, it is quite clear that the supervised release term, which includes an initial six months of home detention as a condition, shall follow the term of imprisonment. Indeed, it is inherent in the nature of supervised release that it occurs "after imprisonment." 18 U.S.C. § 3583. And home detention itself, which is a permissible condition of supervised release, does not constitute imprisonment, for the reasons stated above.

      At the guilty plea hearing, District Judge Ranjan explained the stipulated sentence, including the term of imprisonment followed by the term of supervised release, and Mr. Kaetz acknowledged that he understood:

> THE COURT: Let's talk for a moment about sentencing. My understanding of your plea agreement is that it contains a stipulated sentence of a term of imprisonment of 16 months, a fine to be determined by the Court, a term of supervised release of three years with certain specific agreed-to conditions that you must abide by during those three years.
>
> It's also my understanding you want the Court to accept your plea agreement and sentence you in accordance with this stipulated sentence. Is that correct?
>
> THE DEFENDANT: That's correct, Your Honor. . . .
>
> ….
>
> As I just mentioned, Mr. Kaetz, in sentencing you, I may impose *a term of supervised release to follow any term of incarceration.* Supervised release is basically a period of probation after you get out of prison. While on supervised release, you must check in with the probation office and there are a lot of conditions you must follow. Do you understand what supervised release is?
>
> THE DEFENDANT: Yes, Your Honor, I do.

Plea Hearing Tr. pp. 16, 18 (W.D. Pa. Crim No. 21-00211-1, DE 118 (emphasis added))

Later in the hearing, the attorney for the government, at the court's request, orally recited the terms of the plea agreement, and Mr. Kaetz and his counsel confirmed their understanding of those terms:

> [AUSA] . . . The parties agree to the maximum penalties that may be imposed as the Court just reviewed here today, and the parties agree that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the appropriate sentence in this case is a term of imprisonment of 16 months; a fine, if any, in an amount to be determined by the Court; a term of supervised release of three years with the following specific conditions: No. 1, the first six months of the supervised release will be served in home detention with electronic monitoring if that's required by the probation office.
>
> . . . .
>
> THE COURT: Thank you.
>
> Mr. Sughrue, do you agree with the government's summary?
>
> MR. SUGHRUE: Yes, Your Honor.
>
> . . . .
>
> THE COURT: . . . Mr. Kaetz, have you a plea agreement in front of you?
>
> THE DEFENDANT: Yes, Your Honor, I do.
>
> THE COURT: You recognize that as the plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have you reviewed it completely with Mr. Sughrue?
>
> THE DEFENDANT: Yes, Your Honor, I have.
>
> THE COURT: Do you understand all of the contents of that agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you have any remaining questions about the plea agreement that you wish to ask Mr. Sughrue before we proceed?
>
> THE DEFENDANT: No, Your Honor.

(*Id.* pp. 22–25)

Mr. Kaetz's counsel, in his sentencing argument, confirmed his understanding that the parties had agreed to 16 months' imprisonment, and an "additional" six months of house arrest under supervision:

> I think the 16 months with a potential for six months of *additional* house arrest or home detention as determined by the probation office is a sentence that is sufficient but not greater than necessary to achieve all the goals of sentencing.

(*Id.* pp. 39–40 (emphasis added)) He argued that 16 months of actual incarceration was sufficient, in part because of the harshness of prison conditions during the COVID pandemic.

District Judge Ranjan, in imposing sentence, picked up on the "hard time" theme, while making it very clear that the six month stretch of home detention was separate from, and would follow, the 16 months of incarceration:

> Specifically, I believe here that even though the stipulated sentence is below the guidelines, I do think it adequately reflects an appropriate sentence in this case, 16 months, including some hard time during this time is sufficient but not greater than necessary. *Adding on to that* six months of home detention really places you on largely within the guidelines. So I do think it's a sufficient sentence in this case.

(*Id.* pp. 48–49 (emphasis added))

The Judgment of Conviction tracks the sentence agreed to by the parties:

### IMPRISONMENT

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: SIXTEEN (16) MONTHS, with credit for time served on any federal detainer:
>
> . . . .

### SUPERVISED RELEASE

> Upon release from imprisonment, you will be on supervised release for a term of: THREE (3) YEARS.

14

> . . . .
>
> ADDITIONAL SUPERVISED RELEASE TERMS
>
> Mr. Kaetz shall be placed on home detention for a period of 180 days, to commence as soon as arrangements can be made by the Probation Office. . . .

(Judgment (attached to complaint as Ex. 2), DE 1 at 36–39)

In sum, the plea agreement provided for a sentence of 16 months' imprisonment. Supervised release, by its very nature, follows any term of imprisonment. The 6 month term of home detention was imposed, not as a component of the sentence of incarceration, but as a condition of the follow-on term of supervised release. The sentence as promulgated and implemented was in complete accord with the plea agreement. Nothing in that agreement, the plea colloquy, the representations of the government, or the sentence as ultimately imposed, is to the contrary.

My analysis, once again, is consistent with that of the two other courts who have considered Mr. Ranjan's contentions.

In his decision, Judge Ranjan affirmed the conclusion of the R&R that the claims were not properly cognizable under 28 U.S.C. § 2241. He made "additional observations," however, that the merits were lacking. Specifically, Judge Ranjan wrote that the 16 month term of imprisonment followed by a separate supervised release condition of 6 months' home detention was a sentence in accord with the parties' plea agreement:

> Contrary to Mr. Kaetz's arguments and objections, his plea agreement clearly and unequivocally stated that, in addition to serving 16 months imprisonment, he would serve three years of supervised release, of which "the first six months of supervised release be served in home detention." *See United States v. Kaetz*, 2:21-cr-211, Dkt. No. 111-1, pp. 3-4 (W.D. Pa. Aug. 2, 2021). This was pursuant to a Rule 11(c)(1)(C) stipulated sentence, which the Court accepted. *Id*.

Dist. Ct. Op., 2022 WL 357214 at *1 n.1. Indeed, as he observed, this was a binding agreement pursuant to Rule 11(c)(1)(C); the sentencing court's imposition of any other sentence would have been tantamount to rejection of the plea itself.

15

The Third Circuit, affirming Judge Ranjan's decision, likewise did not confine itself to the technicalities of habeas law. Rather, it reached out for possible claims of substantive error, including violation of the plea agreement, but found them inapplicable:

> Thus, some courts have relied on these provisions in holding that courts may not impose a combined term of imprisonment and home detention that exceeds the statutory maximum sentence, *see, e.g., United States v. Blinn*, 490 F.3d 586, 587-88 (7th Cir. 2007) (collecting cases), or a sentencing cap in a plea agreement, *see United States v. T.M.*, 330 F.3d 1235, 1242-43 (9th Cir. 2003). No such circumstance is present here. Kaetz's combined term of 22 months in prison and home detention is within both the five-year maximum sentence for the crime to which he pleaded guilty, see 18 U.S.C. § 119(a), and the Guidelines range of 21-27 months to which the parties stipulated at sentencing (ECF No. 118 at 36). The plea agreement also expressly provides for that combined 22-month term. Kaetz argues that he understood otherwise because his counsel gave him bad advice. This argument goes to the validity of Kaetz's sentence and must be asserted under § 2255. But given the impending completion of Kaetz's home detention, we note that this argument lacks merit. Kaetz testified at his plea colloquy that no one had made any sentencing guarantee or promise "[o]ther than what is in the plea agreement[.]" (Id. at 17.) And Kaetz's plea agreement expressly provides for separate terms of 16 months in prison and six months of home detention, as both the parties and the court made clear at the plea colloquy and sentencing. (ECF No. 118 at 16, 22, 39.) Thus, "any possible error in plea counsel's advice ... was cured by the plea agreement and at the plea colloquy." *United States v. Fazio*, 795 F.3d 421, 428 (3d Cir. 2015).

3d Cir. Op., 2022 WL 1486775 at *2 n.4.

I have analyzed the matter independently and, for the reasons stated above, I agree with those courts' analyses. Both of the essential claims of error asserted by Mr. Kaetz are rejected. All of his various claims against the defendants depend on the viability of those two claims that his sentence was improper, or was improperly calculated. Accordingly, all claims are dismissed.

### C. Other issues

Because the core contentions on which all of Mr. Kaetz's claims depend have been rejected, I do not consider the many other grounds for dismissal cited by the defendants. These grounds include judicial, prosecutorial, and

qualified immunity; the unavailability of a *Bivens* cause of action; failure to state a claim, or insufficient pleading under the standards of Rule 8 and *Twombly/Iqbal*; lack of personal jurisdiction; and others.

Also pending are two cross-motions to strike (DE 56, 57), asserted by Mr. Kaetz in opposition to the motions to dismiss of the Federal and CoreCivic defendants.

As to CoreCivic, Mr. Kaetz asserts various grounds for disagreement with their substantive contentions—for example, CoreCivic's denial of being a government actor. These objections are moot in light of my rulings *supra.* He also accuses CoreCivic of an ethical violation because it cited the unpublished decisions of Judge Ranjan and the Third Circuit. Those, however, are prior decisions in related proceedings involving Mr. Kaetz himself, and are therefore properly cited. The motion to strike is denied as to CoreCivic

As to the Federal defendants, Mr. Kaetz again simply disputes their substantive contentions, and argues that they should therefore be struck. He denies committing a crime, objects to the government's unflattering characterizations of him, and attributes his "selective" prosecution to political bias. The Federal defendants' motion to dismiss, he argues, is frivolous and constitutes a fraud on the court. In light of my grant of that motion to dismiss, *see supra*, this motion to strike must be denied as to the Federal defendants.

## CONCLUSION

Defendants' motions to dismiss are granted in accordance with the foregoing opinion. The plaintiff's cross-motions to strike are denied. The complaint is dismissed in its entirety.

An appropriate order accompanies this opinion.

Dated: October 25, 2022

/s/ Kevin McNulty
_____
**KEVIN MCNULTY**
**United States District Judge**