UNITED STATES DISTRICT Court
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Civil Action<br>No. 22-01003<br><br>**OPINION** |

Angela Juneau
Kristin Lynn Vassallo
OFFICE OF THE U.S. ATTORNEY, DISTRICT OF NEW JERSEY
970 Broad Street
Suite 700
Newark, NJ 07102

    *On behalf of Defendants Designation and Sentence Computation Center, J. Patricia L. Dodge, Buffeyanne Esquivel, Federal Bureau Of Prisons, Afonso Fernandes, Tonya Sulia Goodman, Javier Marrero, Emily Race, J. Nicholas Ranjan, the United States Of America, United States Department Of Justice, United States Marshals Service, United States Probation Office.*

Robert Andrew Wiygul
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
27th Floor
Philadelphia, PA 19103

    *On behalf of Defendants Allegheny County Jail and Orlando Harper.*

David J. Goldsmith
SCHLAM STONE & DOLAN LLP
26 Broadway, 19th Fl.
New York, NY 10004

    *On behalf of Defendants Northeast Ohio Corrections Center and David Bobby.*

Case 2:22-cv-01003-MEF-SDA   Document 114   Filed 03/27/23   Page 2 of 8 PageID: 2174

Robert A. Berns
Timothy Mark Ortolani
KAUFMAN DOLOWICH & VOLUCK LLP
25 Main Street
Suite 500
Hackensack, NJ 07601

    *On behalf of Defendant Douglas Sughrue.*

Howard B. Mankoff
Brian Laine
MARSHALL, DENNAHEY, WARNER, COLEMAN & GOGGEN, PP
425 Eagle Rock Avenue
Suite 302
Roseland, NJ 07068

    *On behalf of Defendant Bi Incorporated.*

**O'HEARN, District Judge.**

## INTRODUCTION

    Pending before the Court is a Motion to Amend Complaint (ECF No. 82) filed by Plaintiff William Kaetz who is proceeding *in forma pauperis* (Order, ECF No. 3), seeking to add as new parties Judge Kevin C. McNulty, Magistrate Judge Michael A. Hammer, twenty-two Third Circuit Judges, U.S. Attorney Angela Juneau, and new claims of "Constitutional Challenge," violation of the Federal Torts Claims Act ("FTCA"), and fraud. (Motion, ECF No. 82). The Court did not hear argument pursuant to Local Rule 78.1. For the reasons discussed below, the Court will **DENY** Plaintiff's Motion.

I. **FACTS AND PROCEDURAL HISTORY**

The parties are familiar with the facts and this Court will incorporate by reference the factual background of the prior Opinion of the Honorable Kevin C. McNulty. (ECF No. 73). On October 25, 2022, Judge McNulty dismissed Plaintiff's Complaint without prejudice and granted him thirty days to amend. (Order, ECF No. 74). Plaintiff filed the Motion to Amend currently before this Court on November 23, 2022. (ECF No. 82). The Motion was opposed by (1) David Bobby and Northeast Ohio Corrections Center (collectively "CoreCivic"); (2) Douglas Sughrue, and (3) Allegheny County Jail and Orlando Harper (collectively "Allegheny"). (ECF Nos. 85, 88, 89). Plaintiff filed a single, consolidated reply. (ECF No. 92).

II. **LEGAL STANDARD**

A. **Federal Rule of Civil Procedure 15(a)**

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires." FED. R. CIV. P. 15(a)(2). This decision is committed to the sound discretion of the court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court may also ground its decision "on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017).

An amendment would be futile if the complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d

3

113, 115 (3d Cir. 2000). Thus, the Court employs the 12(b)(6) standard when evaluating futility. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *Shane*, 213 F.3d at 115). A pleading is sufficient to pass 12(b)(6) review if it contains enough factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Local Civil Rule 40.1

Local Civil Rule 40.1 governs the Court's review of a plaintiff's complaint as it relates only to the Federal Judges. The pertinent parts of the Rule, 40.1(g) and (h), follow:

> (g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.
>
> (h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

### III. DISCUSSION

Plaintiff's Proposed Amended Complaint contains the same factual allegations as his initial Complaint, namely that Plaintiff's sentence was illegal and the requirement that he serve the first six months of supervised release in home detention was a breach of his plea agreement. The Proposed Amended Complaint seeks to add as new parties Judge Kevin C. McNulty, Magistrate Judge Michael A. Hammer, twenty-two Third Circuit Judges, Assistant United States Attorney

4

Angela Juneau, and new claims of "Constitutional Challenge," violation of the Federal Torts Claims Act ("FTCA"), and fraud. (Motion, ECF No. 82). All Defendants who have opposed the Motion argue (1) the addition of the proposed defendants is futile due to the absolute judicial immunity doctrine and constitutes improper judge shopping and, (2) the proposed amendments do not cure the fundamental pleading problems identified in Judge McNulty's prior opinion.[1] This Court agrees and denies Plaintiff's Motion to Amend as futile.

> **A. The proposed addition of twenty-four federal judges and one Assistant United States Attorney is futile.**

Before addressing the futility argument, the Court notes an internal discrepancy in the caselaw between whether the parties currently involved in the case have standing to assert futility on behalf of parties who have not yet been added. *Compare Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) *with Worster-Sims v. Tropicana Ent., Inc.*, No. 13-1981, 2014 WL 2468602, at *2 n.2 (D.N.J. June 3, 2014). However, this Court need not make any determination on standing in this case because—regardless of the outcome of that issue—this Court has the authority to conduct a 12(b)(6) review *sua sponte* since Plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) (the Court "shall

---

[1] Defendants also argue that Plaintiff's submission should be denied because it does not strictly comply with Rule 15.1. "Failure to comply with Rule 15.1 complicates this Court's review of the relevant documents and, in and of itself, is an error significant enough to warrant denial of Plaintiff's motion." *Cianelli v. Nourison Indus., Inc.*, No. 19-19147, 2020 WL 4882500, at *2 (D.N.J. Aug. 20, 2020) (internal quotations and citations omitted). However, the Third Circuit recognizes the "strong liberality in allowing amendments under Rule 15 . . . to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't.*, No. 07-05686, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017). Plaintiff has submitted two copies of the Proposed Amended Complaint, one with new material underlined and another with removed material crossed out. The Court finds this to be a good faith attempt to comply with Rule 15.1 and does not find the failure to strictly comply to hinder this Court's understanding of the proposed amendments. Thus, with leniency to Plaintiff who is proceeding *in forma pauperis*, the Court will address his Motion on the merits.

dismiss the case at any time if [it] determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").[2] Thus, the Court will consider the futility of adding the proposed defendants.

"The well-established doctrine of absolute judicial immunity shields a judicial officer, who is performing his duties, from lawsuit and judgments for monetary damages." *Kirkland v. DiLeo*, 581 F. App'x 111, 115 (3d Cir. 2014) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority . . ." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Nor is a judge deprived of this immunity due to "allegations of malice or corruption of motive." *Ehrlich v. Alvarez*, No. 20-6398, 2021 WL 2284108, at *7 (D.N.J. June 4, 2021), *aff'd*, No. 21-2342, 2022 WL 1487021 (3d Cir. May 11, 2022) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). The only two exceptions to absolute judicial immunity are (1) when a judge performs "nonjudicial actions" and (2) when a judge performs actions that are judicial in nature but taken in the absence of jurisdiction. *Ehrlich*, 2021 WL 2284108, at *7 (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Similarly, a prosecutor's actions "which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The entirety of Plaintiff's Proposed Amended Complaint is based on the allegation that his sentence was illegal and the requirement that he serve the first six months of supervised release in home detention was a breach of his plea agreement. There are no specific allegations against any

---

[2] When evaluating whether a claim must be dismissed under Section 1915(e) for failure to state a claim upon which relief may be granted, the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).

of the newly proposed judicial defendants beyond listing them in the *Bivens* claim which—like all his claims—appears based on the allegation of an illegal sentence and fraud in his plea agreement. (Prop. Am. Compl., ECF No. 82-1 at 24–26). There are no allegations of any non-judicial conduct or any judicial conduct without jurisdiction that would preclude the application of the absolute judicial immunity doctrine. Further, there are no allegations that Assistant United States Attorney Juneau engaged in any conduct outside of her role as an advocate for the government. Thus, absolute judicial immunity and prosecutorial immunity would apply to any claims against all of the newly proposed defendants and thus amending the Complaint to add them as parties would be futile.[3]

### D. The Proposed Amended Complaint does not cure the deficiencies identified previously by Judge McNulty.

Plaintiff's claims in relation to his sentence were previously dismissed because

> All of his contentions depend . . . on his arguments that a sentence including 180 days of home confinement was improper, for two reasons: (a) home confinement was illegal, because it followed the service of his 16-month sentence of imprisonment, rather than serving as a substitute for part of that 16-month sentence; (b) home confinement violated the parties' plea agreement. Both arguments are plainly incorrect.

(*Kaetz v. U.S.*, No. 22-1003, 2022 WL 14844131, at *5 (D.N.J. Oct. 25, 2022)).

Plaintiff's Proposed Amended Complaint presents no new legal theories or factual allegations that rectifies the fatal errors in the original Complaint. The Proposed Amended

---

[3] The Court's decision is additionally guided by its concern that Plaintiff is "judge shopping and manipulating the random assignment of judges [which] constitutes a threat to the orderly administration of justice." *Smart Commc'ns, Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758 (M.D. Pa. 2022) ("Litigants should not be permitted to utilize disqualification of a judge as a trial strategy."). This Court will not permit Plaintiff to name the two judges assigned to his case and the entirety of the Third Circuit in an attempt to disqualify judges from resolving his case or allow him to guide his case to the judge he chooses.

Complaint's constitutional and tort claims are still based on the same theories previously rejected by Judge McNulty. For example, the newly added fraud claim alleges "[t]here was a bait and switch tactic, a **fraud** committed by the Defendants. I signed a plea agreement sold to me as a 16-month imprisonment deal, after the deal was done, it was switched to 22-month imprisonment . . . ." (Prop. Am. Compl., ECF No. 82-4 at 12–13) (emphasis in original). Thus, the Court finds that Plaintiff's proposed amendments do not cure the previously identified deficiencies and thus is futile.

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's Motion to Amend. In accordance with Local Civil Rule 40.1(h), this Court will notify the Chief Judge of this decision to allow for a determination as to the reassignment of this case. An appropriate Order will be entered.

*[signature]*
**Christine P. O'Hearn**
**United States District Judge**